UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

          Plaintiff,

v.

Nathaniel Jonathan Smith,

          Defendant.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 09-286 ADM/JJK

_____

Richard A. Newberry, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Andrea K. George, Esq., Office of the Federal Defender, Minneapolis, MN, for and on behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for consideration of Defendant Nathaniel Jonathan Smith's ("Defendant") Objections [Docket No. 37] to Magistrate Judge Jeffrey J. Keyes's January 14, 2010 Report and Recommendation ("R&R") [Docket No. 36]. The R&R recommends denying Defendant's Motion to Suppress Evidence Obtained as Result of Search and Seizure [Docket No. 14], Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [Docket No.14] and Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 15]. The factual background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are overruled and the R&R is adopted.[1]

---

[1] A full recitation of the factual and procedural background set forth in the R&R will not be repeated here.

## II. DISCUSSION

"A district judge may refer to a magistrate judge for recommendation a defendant's motion to dismiss or quash an indictment or information, a motion to suppress evidence, or any matter that may dispose of a charge or defense." Fed. R. Crim. P. 59(b)(1). "The district judge must consider de novo any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3).

Defendant requests a de novo review of the arguments in support of his suppression motions. He argues that the police lacked reasonable articulable suspicion to detain him, that his detention was a de facto arrest, and that the police lacked probable cause to search the interior of his car. Therefore, he also argues, the statements he made after he was transported to the police station must be suppressed as fruit of the poisonous tree.

"[P]olice can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry v. Ohio, 392 U.S. 1, 30 (1968)). Such an investigative detention "'must be temporary and last no longer than is necessary to effectuate the purpose of the stop.'" United States v. Binion, 570 F.3d 1034, 1040 (8th Cir. 2009) (quoting Florida v. Royer, 460 U.S. 491, 500 (1983)). Defendant claims he was detained because the police needed to determine what to do with property in his car that belonged to Oestrich and to investigate whether Defendant knew about the restraining order against Oestrich. Objections at 7. Defendant argues that this reason was effectuated after he gave his name to the police, provided identification information, and

answered that he did not know about the restraining order, and, therefore, the encounter should have ended.

However, while the police officer was confirming Defendant's identity and checking whether he was the subject of outstanding warrants, a known but unproven informant, Oestrich, tipped the officer that Defendant had drugs and a gun in his car. Tips from known but unproven informants are more reliable than tips from anonymous informants when there is "some independent verification to establish reliability." See United States v. Nolen, 536 F.3d 834, 839-40 (8th Cir. 2008). And here, there was some independent verification; the officer confirmed Oestrich's tip that Defendant had been arrested for drugs in the past by learning from Defendant that he was "on parole for drugs." R&R at 5. Having confirmed a portion of Oestrich's tip, the officer had a reasonable suspicion that Defendant was potentially dangerous and could gain immediate control of a weapon. See United States v. Goodwin-Bey, 584 F.3d 1117, 1120 (8th Cir. 2009) ("'[T]he search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief . . . that the suspect is dangerous and the suspect may gain immediate control of weapons.'") (alterations in original) (quoting Michigan v. Long, 463 U.S. 1032, 0149 (1983)); see also United States v. Hill, 1 F. App'x 606, 608 (8th Cir. 2001) (recognizing that reasonable suspicion that a suspect is involved in illegal drug activity, which often involves guns, also gives rise to a reasonable suspicion that the suspect is armed and dangerous). Although a pat-down search of Defendant did not reveal a dangerous weapon, the officer had not yet determined whether Defendant might have access to immediate control of a weapon located in the passenger compartment of his car.

The fact that the officers did not immediately search the car for weapons and instead requested a drug sniffing dog does not render the encounter an unconstitutional seizure. If police have reasonable suspicion that a car might be transporting drugs, a brief detention until a drug dog arrives to sniff the vehicle is constitutional. United States v. Yang, 345 F.3d 650, 656 (8th Cir. 2003). The delay here was approximately ten minutes, and the Eighth Circuit has upheld delays lasting an hour or longer. See United States v. Bloomfield, 40 F.3d 910, 917 (8th Cir. 1994) (one hour); United States v. White, 42 F.3d 457, 460 (8th Cir. 1994) (eighty minutes). Nor does the fact that Defendant was placed in handcuffs and put in the back of the squad car while the officers were waiting for the dog convert the detention into a de facto arrest. See United States v. Navarrete-Baron, 192 F.3d 786, 791 (8th Cir. 1999) (holding that placing a suspect in handcuffs in a squad car while conducting a search of a vehicle during an investigative detention was a reasonable precaution to ensure officer safety).

The search of Defendant's car is justified under Michigan v. Long's reasonable suspicion of dangerousness exception, and the detention of Defendant in the squad car was not a de facto arrest. Therefore, the Court declines to address the Government's argument that the search was supported by probable cause. Because the search was constitutional, the statements Defendant made later at the police station are not fruit of the poisonous tree.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Keyes's R&R [Docket No. 36] is **ADOPTED**;

2. Defendant's Objections [Docket No. 37] are **OVERRULED**;

3. Defendant's Motion to Suppress Evidence Obtained as Result of Search and Seizure [Docket No. 14] is **DENIED**; and

4. Defendant's Motion to Suppress Statements, Admissions, and Answers [Docket No. 15] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: February 4, 2010.