# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,

       Plaintiff,

  v.

Nathaniel Jonathan Smith,

       Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 09-286 ADM/JJK
Civil No. 12-3095 ADM

_____

Karen B. Schommer, Esq., Assistant United States Attorney, Minneapolis, MN, for Plaintiff.

Nathaniel Jonathan Smith, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Nathaniel Jonathan Smith's ("Smith") 28 U.S.C. § 2255 Motion [Docket No. 77] ("2255 Mot."). For the reasons below, Smith's motion is denied.

## II. BACKGROUND

On October 6, 2009, a federal grand jury indicted Smith on one count of felon in possession of a firearm and one count of possessing a stolen firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 922(j), respectively. See Indictment [Docket No. 1]. On February 25, 2010, Smith pled guilty to being a felon in possession of a firearm, pursuant to a plea agreement. See Min. Entry [Docket No. 46].

During the Presentence Investigation, the U.S. Probation Officer determined Smith was an armed career criminal. See Presentence Investigation Report ("PSR") ¶ 31. Smith had three qualifying prior convictions: third degree attempted burglary, aiding and abetting felony first

degree sale of a controlled substance, and aiding and abetting first degree manufacture of methamphetamine. See Id. at ¶¶ 40, 43, 48. The Government recommended a sentence guideline range of 180-210 months of imprisonment. See Gov't's Position on Sentencing [Docket No. 54]. Smith objected—both in memorandum and on the record at sentencing—to finding attempted burglary a "violent felony" under the provisions of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). See Def.'s Position on Sentencing [Docket No. 58]; Sentencing Tr. at 5 [Docket No. 70]. Smith's counsel argued that Smith should not qualify as an armed career criminal, that a sentence below ten years was more appropriate. Id. The Court disagreed. See Sentencing Tr. at 5:25. Smith's offense level was adjusted upward to 33 because of his armed career criminal status, but then reduced three levels for acceptance of responsibility. Id. at 3:18-23. Smith's adjusted offense level was 30. Id. On July 7, 2010, after consideration of the parties' arguments, the Court imposed a sentence of 180 months' imprisonment. See Sentencing J. [Docket No. 60].

On July 9, 2010, Smith filed a direct appeal to the Eighth Circuit Court of Appeals, which affirmed the guilty plea. United States v. Smith, 645 F.3d 998, 1005 (8th Cir. 2011). On November 14, 2011, the United States Supreme Court denied writ of certiorari. Smith v. United States, 132 S. Ct. 594 (2011).

On November 1, 2012, Smith filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2255. See 2255 Mot.

### III. DISCUSSION

Smith argues one claim for relief: ineffective assistance of counsel. Smith argues his counsel failed to investigate whether the Minnesota burglary statute is properly a qualifying prior

2

conviction under the Armed Career Criminal Act. Id. First, Smith is procedurally barred from relitigating issues already decided on direct appeal. Second, the predicate felony issue, even if not procedurally barred, was thoroughly litigated by counsel.

**A. Relitigation of Issues Raised on Direct Appeal**

The Eighth Circuit Court of Appeals has consistently held "issues raised and decided on direct appeal" are procedurally barred from being "relitigated in a collateral proceeding based on 28 U.S.C. § 2255." United States v. Davis, 406 F.3d 505, 511 (8th Cir. 2005); see also United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001); Thompson v. United States, 7 F.3d 1377, 1379 (8th Cir. 1993); United States v. Lefkowitz, 289 F.Supp. 2d. 1076, 1080 (D. Minn. 2003). For example, a defendant could not "use section 2255 petition to collaterally attack the sufficiency of the evidence in his case" because it was "an issue resolved on direct appeal." English v. United States, 998 F.2d 609, 612 (8th Cir. 1993).

Smith litigated this issue on direct appeal to the Eighth Circuit Court of Appeals. Smith, 645 F.3d at 1003. On appeal, Smith raised the issue of whether Minnesota's attempted burglary statute encompassed the risk of violent confrontation as required by the Armed Career Criminal Act. Id. at 1000. The court concluded that the elements of attempted burglary under Minnesota law involved the required risk level to qualify as a prior conviction under the Armed Career Criminal Act. Id. at 1005. Thus, the issue of attempted burglary counting as an enhanceable prior offense for purposes of qualifying Smith as an armed career criminal was resolved on direct appeal.

**B. Ineffective Assistance of Counsel**

Even assuming Smith's claim is not procedurally barred, Smith's counsel was not

3

ineffective.

To prevail on an ineffective assistance of counsel claim, Smith must show: (1) "counsel's representation fell below an objective standard of reasonableness" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Courts apply a strong presumption that counsel has provided adequate assistance and used reasonable professional judgment. Id. at 690. "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." Id. To succeed on his claim, Smith must show his counsel's assistance failed the two-prong Strickland test. Smith's counsel passes the first prong of reasonable representation, so it is not necessary to consider the second prong, of prejudice.

Smith claims ineffective assistance of counsel because his attorney failed to investigate Minnesota's attempted-burglary statute as over-inclusive. Smith claims he was wrongly qualified as an armed career criminal because of his counsel's failure. On the contrary, Smith's counsel provided reasonable and adequate representation. Smith's counsel submitted a position in a sentencing memorandum, objecting to the PSR's characterization of Smith's attempted burglary conviction as a predicate "violent felony." See Def.'s Position on Sentencing. Smith's counsel discussed the precedential United States Supreme Court and Eighth Circuit Court of Appeals decisions. She argued that attempted burglary should not constitute a qualifying prior conviction under the armed career criminal provision of section 924(e)(1). At sentencing, Smith's counsel again argued for the Court to distinguish Smith's case from the United States Supreme Court case United States v. James, 550 U.S. 192 (2007), where the Supreme Court

4

found a comparable Florida attempted-burglary statute was a violent felony. Sentencing Tr. at 5:11-12. Smith's counsel also argued that the Court should adopt the reasoning in <u>Begay v. United States</u>, 553 U.S. 137 (2008), and find that attempted burglary is not a violent felony. Sentencing Tr. at 5. The Court noted the objection on the record but disagreed with counsel's argument. <u>Id.</u> at 5:25-6:2. On appeal, Smith's counsel again challenged Smith's attempted-burglary conviction as a qualifying violent felony conviction for enhancement under the Armed Career Criminal Act. <u>Smith</u>, 645 F.3d at 1004-05. Smith was provided adequate assistance of counsel, protecting his constitutional right to a fair trial. <u>Strickland</u>, 466 U.S. at 684.

For the foregoing reasons, Smith's claim of ineffective assistance of counsel is unavailing.

## IV. CERTIFICATE OF APPEALABILITY

A court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Tiedeman v. Benson</u>, 122 F.3d 518, 523 (8th Cir. 1997). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). The Court finds there are no debatable issues presented and therefore declines to grant Smith a certificate of appealability.

## V.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Nathaniel Jonathan Smith's 28 U.S.C. § 2255 Motion [Docket No. 77] is **DENIED**.

2. A certificate of appealability pursuant to 28 U.S.C. § 2253 shall not issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  February 25, 2013.